**MARK J. ZANOBINI, ESQ.**  (SBN 121184)
**RENATA L. BOGOMOLNAYA, ESQ.**  (SBN 276350)
LAW OFFICE OF MARK J. ZANOBINI PC
591 Redwood Highway, Building 4000
Mill Valley, CA  94941-3039
*Telephone:* 415-392-8400
*Facsimile:*  415-520-5998
admin@zanobinilaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ALEXIS CHRISTINE MASCHMEIER and MICHAEL MASCHMEIER,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, a government entity; and DOES 1 through 50, Inclusive,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>➢ **Professional Medical Negligence;**<br>➢ **Medical Malpractice;**<br>➢ **Emotional Distress;**<br>➢ **Loss of Consortium.**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiffs, ALEXIS CHRISTINE MASCHMEIER and MICHAEL MASCHMEIER, complain and allege as follows:

**GENERAL ALLEGATIONS**

　　**1)**　　The true names or capacities, whether individual, corporate, governmental or associate, of the defendants named herein as Does are unknown to plaintiffs who therefore sue said defendants by such fictitious names, and when the true names and capacities have been ascertained, plaintiffs will amend this Complaint accordingly.

　　**2)**　　Plaintiffs are informed and believe, and upon such information and belief allege, that each of the defendants named herein as DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injuries and

1  damages proximately thereby to plaintiffs, as hereinafter alleged, either through said defendants' own
2  negligent conduct or through the conduct of their agents, servants or employees, or in some other manner
3  as yet unknown.

4  **3)** At all times herein mentioned, defendants, and each of them, were the agents, servants,
5  employees, independent contractors and/or joint venturers of their co-defendants and were, as such,
6  acting within the course, scope and authority of said agency, employment, contract and/or joint venture,
7  and each and every defendant, when acting as a principal, was negligent in the selection, hiring, training,
8  control and supervision of each and every other defendant as the agent, servant, employee, independent
9  contractor and /or joint venturer.

10  **4)** Defendant UNITED STATES OF AMERICA is the federal government and is a proper
11  defendant pursuant to 28 U.S.C. §2679(b)(1) for claims for money damages arising from or out of a
12  negligence or wrongful act and/or omission of any federal employee committed within the course and
13  scope of their employment.

14  **5)** Plaintiffs are informed and believe, and thereupon allege, that at all times herein relevant,
15  OLIVER L. PUTTLER, JR., MD and DOES 1 through 30, inclusive, were and are physicians, assistants,
16  nurses, and other persons trained in the practice of medicine with a specialty in obstetrics and gynecology
17  and licensed to practice under the laws of the state of California, and as such, held themselves out as
18  medical practitioners responsible for providing health, medical and diagnostic care with that degree of
19  skill, ability and learning common to physicians, or others, in the same professional community.  At all
20  times mentioned herein, OLIVER L. PUTLER. JR., MD and DOES 1 through 30 were employees of the
21  federal government.

22  **6)** Plaintiffs are informed and believe, and thereupon allege, that at all times herein
23  mentioned, OPEN DOOR COMMUNITY HEALTH CENTERS, and DOES 25 through 50, were and
24  are an independent community health center and a 501(c)3 nonprofit charitable organization, located in
25  Arcata, California, led by an independent and consumer-majority board of directors,  and which are
26  organized, licensed, and existing under and by virtue of the laws of the State of California, and as such,
27  said defendants hold themselves out as entities responsible for providing health care and medical care
28  with that degree of skill, ability, and learning common to licensed clinics, medical centers or health care

facilities. Said facility also receives funding from the federal government through the Department of Health and Human Services which makes it an arm of the Federal Government.

**7)** Plaintiff, ALEXIS CHRISTINE MASCHMEIER, is an adult female and a resident of Eureka, California and the lawful spouse of MICHAEL MASCHMEIER.

**8)** Plaintiff, MICHAEL MASCHMEIER, is an adult male; a resident of Eureka, California, and the lawful spouse of ALEXIS CHRISTINE MASCHMEIER.

**9)** Plaintiffs were required to and did comply with all of the requirements of the Federal Tort Claims Act. Administrative Tort Claims were presented to defendant USA through the appropriate federal agency, the U.S. Department of Health and Human Services, with supporting documents, on or about September 8, 2021, on behalf of plaintiffs Alexis Maschmeier and Michael Maschmeier.

**10)** By return of the claim stamped "Received", the U.S. Department of Health and Human Services, advised plaintiffs' counsel that plaintiffs' administrative tort claims had been received in the Claims Office on September 16, 2021 at 2:08 p.m. for consideration and reply.

**11)** Since September 16, 2021, more than six (6) months, the U.S. Department of Health and Human Services has failed to make a final disposition of the Administrative Tort Claims of the plaintiffs. Therefore, pursuant to 28 U.S.C. §2675(a), plaintiffs may now file suit against the United States in this Court.

**12)** This Court has jurisdiction pursuant to 28 U.S.C. §1346(b). Under the Federally Supported Health Centers Assistance Act, and pursuant to 42 U.S.C. §233, Oliver L. Puttler, Jr., MD a contractor and an employee, respectively, of Open Door Community Health Centers, a federally funded and qualified health center, are federal employees for purposes of claims of medical malpractice. Accordingly, the Federal Tort Claims Act applies. Additionally, this Court has jurisdiction over all other claims pursuant to 28 U.S.C. §1367 because all of the claims arise from a common nucleus of operative facts that are so intertwined that they cannot be reasonably separated.

**13)** Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§1391(b)(2) and 1391 (e)(1) because a substantial part of the events giving rise to the claim occurred in this judicial district, and 28 U.S.C. §1402(a) as plaintiffs reside in this judicial district.

**14)** Alexis Maschmeier sought follow up care from Oliver Puttler, MD following the failed

birth of her daughter in October 2020 by C-section. Ms. Maschmeier saw Dr. Puttler for continued obstetric consultation, and became pregnant with her son, Benjamin, in February 2020. At no time did Dr. Puttler warn the Maschmeiers that it was imprudent and dangerous to become pregnant after a "C Section" and before a waiting and healing period of at least 18 months. Instead, Dr. Putler encouraged claimants to get pregnant right away. On September 25, 2020 plaintiffs first learned about the dangers of getting pregnant soon after a C section. They were advised that the usual waiting and healing time after a C-section is 18 months. The scheduled delivery date was October 19, 2020 but in early October plaintiffs were advised that they should deliver earlier than because of potential complications.

15) On October 12, 2020 Alexis was admitted to UCSF for a scheduled C-section. When they initiated surgery, she began bleeding profusely and ultimately lost at least 3.5 liters of blood because she had a large thin bulging bubble in her uterus that would not shrink or stop bleeding. The physicians stitched the uterus along the outside to help shrink it and inserted a Buckley Balloon inside her uterus to apply pressure. Plaintiff was only allowed to see her baby for a few minutes before being put under general anesthesia to control the bleeding. She was admitted to the ICU and began a rough recovery with multiple complications (bleeding spinal epidural wound which required a spinal tap, and postpartum hypertension). She was in the hospital for 5 days. During her stay and after, the physicians advised that she should not get pregnant again because of the serious risk to her life.

**FIRST CAUSE OF ACTION**
**(Professional Negligence – Medical Malpractice)**

16) Plaintiffs incorporate by reference as though fully set forth herein, all of the allegations contained in Paragraphs 1 through 15 of this Complaint.

17) At all times relevant, defendants, and each of them, negligently failed to exercise the proper degree of knowledge, skill and due care in soliciting, referring, assessing, diagnosing, testing, warning, caring for, treating and advising ALEXIS MASCHMEIER before getting pregnant and during her pregnancy. Throughout this period of time, defendants, and each of them, ignored the fact that plaintiff had only recently given birth via C-section and further ignored the risks that a pre-mature pregnancy can bring.

18) Plaintiffs have sought the opinions of other physicians and surgeons who have advised

that the care and treatment rendered by defendants was in fact inappropriate, unacceptable, and below the applicable standards of care. This includes, but is not limited to, defendants' repeated failures to advise plaintiffs not to get pregnant until at least 18 months after her C-section in order to let her body properly heal and avoid serious complications.

**19)** As a direct and proximate result of the above-described negligent, careless and unlawful conduct of defendants, and each of them, on October 12, 2020, after Benjamin Maschmeier was delivered alive via a C-section, ALEXIS MASCHMEIER was faced with serious and life-threatening resulting complications.

**20)** As a direct and proximate result of the aforesaid negligent conduct of defendants, and each of them, plaintiff has suffered and continues to suffer injuries to her person, body, and health; strength, and activity; all to her general damages in an amount exceeding the unlimited jurisdiction of this court, the exact amount to be determined at the time of trial.  In addition, plaintiff continues to suffer from pain, stiffness, and muscle damage. And it has been recommended that she not have any additional children.

**21)** As a further direct and proximate result of the above-described conduct of defendants, and each of them, plaintiff was compelled to and did employ the services of hospitals, surgeons, physicians, nursing facilities, and other health care providers, to care for and treat her, thereby incurring medical, dental, hospital, professional, and incidental expenses; plaintiff is informed and believes, and thereupon alleges, that by reason of said physical and mental injuries, she will necessarily incur additional medical, dental and other expenses for an indefinite period of time in the future, the exact amount to be determined at the time of trial.

**22)** As a further direct and proximate result of the aforementioned conduct of defendants, and each of them, plaintiff was prevented from attending to her usual occupation, sustaining a loss of earnings and earning capacity in an amount to be determined at the time of trial.

### SECOND CAUSE OF ACTION
**(Medical Negligence)**
**(Negligent Infliction of Emotional Distress)**

**23)** Plaintiff MICHAEL MASCHMEIER incorporates paragraphs 1 through 22 above as though fully set forth herein.

**24)** At all times herein mentioned, plaintiff MICHAEL MASCHMEIER was and is the lawful

husband of plaintiff ALEXIS CHRISTINE MASCHMEIER and the father of baby Benjamin Maschmeier.

**25)** On or about October 12, 2020, at the time and place above described, plaintiff MICHAEL MASCHMEIER, personally observed and was contemporaneously aware of the injuries and damages sustained by his wife, ALEXIS CHRISTINE MASCHMEIER, after the delivery of their son Benjamin. Plaintiff, MICHAEL MASCHMEIER had been advised that complications, including excessive bleeding were likely due to how quickly ALEXIS had become pregnant after her C-section in October of 2019. After the delivery, plaintiff MICHAEL MASCHMEIER, saw his wife in great pain and distress from uncontrolled bleeding.

**26)** As a direct and proximate result of the carelessness and negligence of defendants, and each of them, plaintiff, MICHAEL MASCHMEIER sustained severe injury to his health, severe emotional distress, shock and other highly unpleasant emotions, causing the injury and damages, all to plaintiff's general damage in an amount to be proven at the time of trial.

**27)** Said conduct described herein was a substantial factor in causing MICHAEL MASCHMEIER serious emotional distress.

### THIRD CAUSE OF ACTION
**(Loss of Consortium)**

**28)** Plaintiff MICHAEL MASCHMEIER incorporates herein by reference as though fully set forth herein, all of the allegations contained in Paragraphs 1 through 27 of this Complaint.

**29)** It is generally stated in the above-discussed causes of action herein that ALEXIS CHRISTINE MASCHMEIER was caused to and did sustain certain personal and bodily injuries. At all times herein mentioned, plaintiff MICHAEL MASCHMEIER was and is the lawful husband of plaintiff ALEXIS CHRISTINE MASCHMEIER.

**30)** By reason of said medical malpractice as alleged above, plaintiff MICHAEL MASCHMEIER has suffered, and is reasonably certain to suffer in the future, loss of his wife's companionship, comfort, affection, society, solace, and moral support; and loss of her physical assistance in the operation and maintenance of the home, and plaintiff MICHAEL MASCHMEIER has been deprived of his rights of consortium as a direct and proximate result of the negligence and carelessness

1  of the defendants as herein above set forth.

2      31)     By reason of said injuries caused by defendants, and each of them, plaintiff MICHAEL MASCHMEIER has been generally damaged in excess of the unlimited jurisdiction of this Court, and seeks appropriate damages from the defendants herein, and each of them, for his loss of consortium as set out above.

    WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as follows:

1. For general damages according to law and proof;
2. For special damages according to law and proof;
3. For other economic losses according to proof;
4. For emotional distress;
5. For prejudgment interest;
6. For costs of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

DATED: September 22, 2022      LAW OFFICE OF MARK J. ZANOBINI PC

_____
MARK J. ZANOBINI
RENATA L. BOGOMOLNAYA
Attorneys for Plaintiffs, ALEXIS CHRISTINE MASCHMEIER and MICHAEL MASCHMEIER

-7-
COMPLAINT FOR DAMAGES